UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL CAMARAO, | ) |
|        Plaintiff | ) |
| v. | )   1:25-cv-00482-LEW |
| COMMISSIONER OF LABOR AND WORKFORCE DEVELOPMENT NEW JERSEY, | ) |
|        Defendant | ) |

**RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S COMPLAINT AND ORDER ON PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff evidently seeks to assert a claim for unpaid work-related benefits from Defendant, the New Jersey Commissioner of Labor and Workforce Development. (Complaint, ECF No. 1.) With his complaint, Plaintiff filed a motion to proceed without prepayment of fees. (Motion, ECF No. 3.)

After a review of Plaintiff's complaint, I recommend the Court dismiss the matter. I also dismiss as moot Plaintiff's motion to proceed without prepayment of fees.

### DISCUSSION

Plaintiff resides in Florida. The sole defendant is the New Jersey Commissioner of Labor and Workforce Development. Plaintiff apparently contends that he is entitled to unemployment benefits presumably based on his work in New Jersey. Plainiff's filing raises the question of whether the District of Maine is a proper venue for Plaintiff's claim.

"Where the defense of improper venue is obvious from the face of the complaint and no further factual record is required to be developed, the court may, sua sponte, dismiss the

case. *Hart v. United States Department of Treasury*, No. 14-CV-421-LM, 2016 WL 825379, at *2 (D.N.H. Jan. 1, 2016) (citations and internal quotation marks omitted). 28 U.S.C. § 1391(b), the statute governing venue, provides:

> A civil action may be brought in—
>
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Plaintiff apparently seeks to recover unemployment benefits and federal stimulus money from the State of New Jersey. (Complaint at 2.) Plaintiff alleges that he lived in Maine for six months in 2020, which time is within the period for which he claims that he is entitled to benefits. The mere fact that Plaintiff lived in Maine at one point cannot reasonably support a finding that "a substantial part of the events or omissions giving rise to" Plaintiff's claim occurred in the District of Maine. 28 U.S.C. § 1391(b). Because neither party resides in Maine and because the circumstances underlying Plaintiff's claim did not occur in Maine, Plaintiff has not demonstrated that the District of Maine is a proper venue for his claim.

28 U.S.C. § 1406(a) provides, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."

*Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993); *see also Quinn v. Watson*, 145 F. App'x 799, 800 (4th Cir. 2005) (unpublished). Plaintiff's complaint lacks any facts that could plausibly support a claim against Defendant. Plaintiff has not cited to facts that he believes entitle him to recover the benefits that he claims. The pleading rules "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Because Plaintiff has not alleged any facts that would support a claim, the transfer of the matter would not be in the interests of justice. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss the matter. Because dismissal is warranted, I dismiss as moot Plaintiff's motion to proceed without prepayment of fees.

## **NOTICE**

Any objection to the order on the motion to proceed without prepayment of fees shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 6th day of October, 2025.